John H. Carney
State Bar No. 03832200
Andrew G. Counts
State Bar No. 24036408
JOHN H. CARNEY & ASSOCIATES
One Meadow Building
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
(214) 368-8300 – Telephone
(214) 363-9979 – Facsimile

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
FORSHEY & PROSTOK, LLP
777 Main Street, Suite 1290
Fort Worth, TX  76102
Telephone:  (817) 877-8855
Facsimile:  (817) 877-4151

ATTORNEYS FOR DEFENDANTS RUTHVEN OIL & GAS, LLC, WENDELL HOLLAND,
THE WENDELL AND KARI HOLLAND TRUST, AND CIANNA RESOURCES, INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: )<br><br>PROVIDENT ROYALTIES, LLC, *et al.*, )<br><br>Debtors. ) | Chapter 11 Case<br>Case No. 09-33886-hdh-11<br>Jointly Administered |
| MILO H. SEGNER, JR., as Liquidating )<br>Trustee of the PR Liquidating Trust, )<br><br>Plaintiff, )<br><br>v. )<br><br>RUTHVEN OIL & GAS, LLC, WENDELL )<br>HOLLAND, THE WENDELL AND KARI )<br>HOLLAND TRUST, and CIANNA )<br>RESOURCES, INC., )<br><br>Defendants. ) | Adversary No. 11-03385-hdh |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
## TO DEFENDANTS' MOTION TO EXCLUDE CERTAIN
## WITNESSES LISTED ON PLAINTIFF'S TRIAL WITNESS LIST

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

Come now the Defendants and file this reply ("Reply") to the Plaintiff's Response

("Response") to Defendants' Motion to Exclude Certain Witnesses Listed on Plaintiff's Trial

Witness List [Docket No. 255] ("Motion").

## <u>RESPONSE TO TRUSTEE'S REPLY</u>

**A.      Evidence Regarding the Existence of a Ponzi Scheme or Debtors' Insolvency are
Highly Prejudicial and Unnecessary in Connection with Trustee's Claims
[AND]**

**B.      Evidence of the Debtors' Insolvency or Alleged Financial Misconduct is not
Relevant to Defendants' Good Faith Defense Under Section 548(c)**

1.      In the Motion, Defendants cited substantial authority that, once the Court found
that the Debtors were operated as a Ponzi scheme, the resulting presumption of insolvency also
satisfies the insolvency requirements for both an intentionally and constructively fraudulent
transfer.[1]   The Trustee has cited no contrary authority.  In addition, the jury will doubtlessly
receive an instruction that the Court has previously found that the Debtors were operated as a
Ponzi scheme, including the definition of, and explaining the characteristics of, a Ponzi scheme.
However, once the jury is so instructed, there is no reason to allow the Trustee to introduce
evidence of the Debtors' specific bad acts to establish that they were operated as a Ponzi scheme,
were insolvent or otherwise engaged in financial misconduct.  No questions will be submitted to
the jury on any of these issues as they are already established as a matter of law by the Court's
ruling and the resulting presumption of insolvency.

2.      The Trustee, however, argues that evidence regarding the Debtors' operation as
an alleged Ponzi scheme, their insolvency and their alleged financial misconduct is relevant with
respect to both the good faith and value issues of Defendants' section 548(c) defense.[2]   In
considering the good faith issue, courts generally focus on the transferee's state of mind by
examining what the transferee knew or should have known in relation to the allegedly fraudulent

---

[1] *See* Motion, pages 1-6, paragraphs 1 through 10.

[2] Defendants assert the same defense under section 24.009(d) of the Texas Uniform Fraudulent Transfers Act
("<u>TUFTA</u>").  References to Defendants' section 548(c) defense also include what is essentially the same defense
under TUFTA.

transfer.[3]  The transferor's state of mind is irrelevant.  As third-party brokers hired to assist the Debtors in acquiring mineral properties, there has been no allegation, and certainly no evidence, that Defendants were participants in a Ponzi scheme.  Consequently, evidence of the Debtors' alleged operation as a Ponzi scheme or financial misconduct is only relevant to the good faith defense if Defendants knew or should have known about the occurrence in question.  In other words, before evidence of the Debtors' alleged financial misconduct is relevant, there must be a logical basis to establish that the Defendants knew, or reasonably should have known, about the occurrence or transaction at issue.

3.      As the Trustee points out, Wendell Holland was a member of the advisory board for one of the Debtor entities, Shale Royalties 3.   However, in this honorary capacity, Mr. Holland received no compensation, attended no meetings, had no duties and received no financial information relating to any of the Debtors.  The Trustee has possession of all of Debtors' records.   If this honorary position gave Mr. Holland access to any non-public information, the Trustee should easily be able to so demonstrate.  Consequently, Mr. Holland's honorary position does not open the door to evidence of the Debtors' business transactions or practices which were never disclosed to him.

4.      If evidence of the Debtors' alleged operation as a Ponzi scheme or alleged financial misconduct has any limited relevance, it is still inadmissible pursuant to Rule 403. Admission of this evidence is certain to confuse the issues and mislead the jury.  That is, in connection with the Defendants' section 548(c) defense, the issue is not whether the Debtors were operated as Ponzi schemes or engaged in financial misconduct, but whether Defendants knew or should have known about this.  Admitting massive amounts of evidence regarding the

---

[3] *Warfield v. Byron*, 436 F.3d 551, 559-60 (5th Cir. 2006), *citing In re Sherman*, 67 F.2d 1348, 1355 (8th Cir. 1995).

Debtors' alleged financial misconduct will inevitably confuse the issues and mislead the jury, especially since the Defendants were not participants and had no knowledge of these allegedly wrongful transactions.  This unfairly prejudices the Defendants by inferentially associating them (and their good faith defense) with the alleged bad acts of third parties operating a Ponzi scheme, even though Defendants were not participants in, and had no knowledge of, such scheme.  This is particularly true since the state of mind and intent of the Debtors' management, who allegedly ran the fraudulent scheme, is irrelevant.

5.      The Trustee argues that the alleged operation of the Debtors as an insolvent Ponzi scheme is germane to the issue of value because the corporate managers of such schemes tend to be careless with the entity's money.  However, the Trustee cites no authority that the Debtors' motivation for acquiring the properties is relevant to the issue of their value.  Moreover, under section 548(c), the issue of value is assessed from the perspective of the Defendants as transferees based on what the Defendants gave up rather than what the Debtors received.[4]

6.      Permitting the Trustee to introduce evidence of Ponzi and/or insolvency will significantly lengthen the trial.  This will involve numerous witnesses on behalf of the Trustee and many hundreds of exhibits.  For example, the Trustee has designated over 1,000 exhibits, the majority of which deal with these Ponzi/insolvency issues.  The Defendants in response will be required to engage in significant cross-examination and to introduce their own exhibits and witnesses (both fact and expert).  The length of the trial will, inevitably, be greatly increased, all for no reason.  Because the Court has already ruled that the Debtors operated as a Ponzi scheme, no questions on the issues of Ponzi or insolvency will be submitted to the jury.  The Trustee can certainly make appropriate arguments based on the Court's Ponzi scheme ruling without

---

[4] *In re Positive Health Mgmt.*, 2014 U.S. App. LEXIS 19883, *2 and *9 (5th Cir. Oct. 16, 2014), *citing Jimmy Swaggart Ministries v. Hayes* (*In re Hannover Corp.*), 310 F.2d 796, 799, 803-04 (5th Cir. 2002).

lengthening the trial through hundreds of exhibits and days of testimony on issues on which the Court has already ruled as a matter of law.

7.    Moreover, this evidence will tend to both confuse the issues and mislead the jury. If such evidence has any probative value, evidence of the Debtors' operation as a Ponzi scheme clearly has no direct relation to the value of what the Defendants gave to the Debtors in the instant transactions.  Any slight probative value this evidence may have is hugely outweighed by the resulting waste of time and potential confusion of issues and the jury by improperly suggesting to the jury that they should assess the value given by the Defendants to the Debtors in the context of the Debtors' alleged misconduct in which Defendants had no part.

8.    Such evidence is also cumulative of the Court's finding that the Debtors were operated as a Ponzi scheme and the resulting presumption of insolvency.  Allowing the Trustee to offer evidence of the Debtors' alleged financial misconduct through transactions in which the Defendants were not participants, and had no knowledge, will greatly prolong the trial by presenting evidence which relates to issues on which the Court has already ruled.

9.    Section 548(c) is intended to protect transferees engaging in legitimate business transactions with unfortunate counterparties, including a Ponzi scheme.[5]   Regardless of the financial misconduct of the alleged Ponzi scheme, Defendants are entitled to the protection of the statute based on a showing of good faith and value.   Under Rule 403, evidence is unfairly prejudicial if it tends to suggest that the jury should make a decision on an improper basis.[6] Here, the evidence of the Debtors' alleged financial misconduct strongly suggests to the jury that they should decide the case based on the financial sins of the alleged Ponzi scheme, and not on

_____

[5] *Jimmy Swaggart*, 310 F.3d at 802.

[6] *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981).

the merit of Defendants' section 548(c) defense.  As such, any limited relevance of this evidence

is greatly overborne by the unfair prejudice and clear tendency to confuse the issues and the jury

by suggesting that Defendants' defense of good faith and value must be judged through the prism

of the Debtors' alleged bad acts of which Defendants had no knowledge.

## C.    Evidence Regarding the Criminal Prosecutions and Convictions of Debtors' Affiliates is Irrelevant and Highly Prejudicial

10.    The Defendants' last transaction with the Debtors closed on or about December 1,

2008.   The criminal prosecutions of the Debtors' affiliates did not occur until much later.

Defendants could not know about criminal prosecutions and convictions which occurred *after*

their last transactions with Debtors.  In his Response, the Trustee never addresses this argument.

Instead, the Trustee asserts that the criminal convictions are admissible to establish that the

Debtors were operated as a Ponzi scheme.  However, the Court has found that the Debtors were

operated as a Ponzi scheme, thereby giving rise to the presumption of insolvency.[7]   This

presumption establishes all necessary insolvency elements for either an intentional or

constructively fraudulent transfer.[8]  As a consequence, these criminal convictions are irrelevant

to establish either Debtors' operation as a Ponzi scheme or insolvency based on the Court's prior

ruling which establishes both as a matter of law.

11.    If this evidence has any limited relevance, it should still be excluded pursuant to

Rule 403.  First, it is cumulative of the Court's finding that the Debtors were operating as a Ponzi

scheme and are therefore deemed as being insolvent.  Second, it is likely to both confuse the

issues and mislead the jury regarding the issues at bar, which are whether Defendants gave value

for the transfers and the Defendants' good faith.  As discussed, the Debtors' motivation in

---

[7] *See* Motion, pages 1 – 6, paragraphs 1 through 12.

[8] *Id.*

making the transfers is irrelevant to the issue of value. Further, with regard to good faith, the Trustee is clearly suggesting that because the Debtors' management included convicted criminals, even though Defendants had no basis to know of any of this criminal activity, the Defendants could not have acted in good faith or for value. Thus, this evidence suggests that the jury should make its decision on Defendants' good faith defense on an improper basis based on Debtors' alleged fraudulent operation of a Ponzi scheme.

**D.     Evidence Regarding Criminal Activity, Prosecution and Convictions in Michigan Pertaining to Conduct Unrelated to Debtors is Irrelevant and Highly Prejudicial**

12.     Joseph Blimline, Eric Merkle, Jay Merkle and others pled guilty to a variety of federal charges in 2009 and 2010 based on conduct which was unrelated to the Debtors. The Defendants were unaware of these alleged criminal activities in Michigan and the convictions came long after Defendants' last transaction with the Debtors on December 1, 2008. In his Response, the Trustee does not address this argument that the Defendants could have no knowledge of criminal convictions occurring *after* their last transaction with the Debtors. Instead, the Trustee argues that the Debtors' alleged Ponzi scheme was a continuation of an earlier Michigan Ponzi scheme and that alleged transfers of money from Debtors for the benefit of Blimline and the Michigan scheme are evidence that the Debtors were operated as a Ponzi scheme. Based on the Court's earlier Ponzi ruling, no question will be presented to the jury on the Ponzi scheme issue, so that this evidence is of no consequence in determining the action.

13.     The Merkles' alleged Michigan Ponzi scheme operated separately from the Debtors. Defendants dispute the Trustee's characterization that they were a major broker to the Michigan scheme. In fact, the Trustee's "evidence" on this point is a transaction involving the Merkles in 2005 which has no relation to the Debtors. There is no evidence that, from Defendant's perspective, this was anything other than a legitimate transaction. Consequently,

any evidence regarding the existence of an alleged Michigan Ponzi scheme, or any ties by Defendants to the alleged Michigan Ponzi scheme, should be excluded.

**E.      Evidence Regarding the Merkles' Indictment in Michigan in October 2008 is Irrelevant and Highly Prejudicial**

14.      The Merkles were not affiliated with the Debtors and had a separate operation in Michigan.  There was no reason for an indictment of the Merkles, based on conduct unrelated to the Debtors, to cause the Defendants to doubt the legitimacy of Debtors' business.  The Trustee ignores this argument.  Instead, he responds with a series of disjointed facts apparently intended to establish that Defendants had some relationship with the Merkles which should have put them on notice that the Merkles were running a Ponzi scheme.  However, the alleged operation by the Merkles of a Ponzi scheme in Michigan is irrelevant to prove that the Debtors were operated as a Ponzi scheme based upon the Court's prior ruling.  The only possible relevance of this evidence relates to the good faith issue regarding Defendants' dealings with the Debtors.  The Merkles' conduct in a separate Michigan operation, and their indictment for conduct unrelated to Debtors, is only relevant to the good faith issue if there was some rational basis for this to cause Defendants to suspect the legitimacy of the Debtors' business.  Because the Trustee has failed to demonstrate how or why such evidence would have raised such suspicion on the part of Defendants, this evidence should also be excluded.

**F.      Evidence Attacking the Validity of the Obligations Forming the Basis of the Present or Antecedent Debt owed by Debtors to Defendants Exceeds the Scope of the Trustee's Pleadings and is Irrelevant**

15.      Defendants do not assert that the Trustee has failed to properly allege in his complaint the elements of a claim to avoid the fraudulent transfers to Defendants.  Instead, Defendants assert that they gave value for the transfers sought to be avoided through the satisfaction of a present or antecedent debt owed by Debtors to Defendants.  The validity of this

antecedent debt is determined under applicable state law.[9]  The Trustee has not pled any basis to dispute the validity of the Defendants' present or antecedent debt based on either illegality or fraud, both of which must be affirmatively raised by the Trustee in response to the Defendants' defense that the transfers satisfied a present or antecedent debt.  Further, the Trustee has not pled any cause of action to avoid the obligations owed by Debtors to Defendants as fraudulent transfers.  Any unpled cause of action the Trustee may have had to avoid these obligations owed by Debtors to Defendants is separate and distinct from his asserted cause of action to avoid the transfers by Debtors to Defendants.  Consequently, the Trustee may not argue or offer evidence to support affirmative defenses or causes of action which have not been pled.

16.     With respect to the Trustee's procedural argument, Defendants do not assert that the Trustee's pleading fails to state a claim to recover the transfers made to Defendants.  Consequently, Rule 12(b)(6) is not even arguably applicable.[10]  Instead, Defendants have asserted a value defense based on the satisfaction, through the transfers sought to be avoided, of a present or antecedent debt owed to them by the Debtors under applicable state law.  However, a cause of action to avoid the Debtors' obligations to the Defendants is distinct and separate from the cause of action pled by the Trustee to avoid the transfers by Debtors to the Defendants.

**G.     Evidence Relating to the Bankruptcy Cases, or the Course of the Bankruptcy Cases, is Irrelevant and Highly Prejudicial**

17.     The Trustee's Response confuses evidence of the filing of the bankruptcy cases, and the proceedings as a part of the bankruptcy cases, which have no relevance to this lawsuit,

---

[9] *Official Creditors Comm. of Unsecured Creditors v. Hancock Park Capital II, L.P.* (*In re Fitness Holdings Int'l, Inc.*), 714 F.3d 1141, 1146 (9th Cir. 2013).

[10] The Trustee suggests, without authority, that Defendants have waived these points by not filing a Rule 12(b)(6) motion.  While the failure to file such a motion waives the right to assert the position as the basis of a motion to dismiss, it does not even arguably affect the Defendants' ability to present these issues at trial, especially when the Defendants' argument is that the Trustee may not attack the validity of the Defendants' present or antecedent debt on grounds he has not pled.

with proof of alleged facts the Trustee claims were discovered as a part of the bankruptcy cases.
The former (the filing of the bankruptcy case and the proceedings in bankruptcy) occurred after
the last transaction between Defendants and the Debtors.  The Trustee offers no explanation as to
how the filing of the bankruptcy cases, after the last transaction between Defendants and
Debtors, is relevant to Defendants' good faith defense.  The latter (information the Trustee
claims to have discovered during the course of the bankruptcy cases) deals with transactions and
occurrences which predate the filing of the bankruptcy cases.  As discussed, although Defendants
contend this evidence is also irrelevant following the Court's Ponzi ruling, it is no more or less
admissible because it was allegedly discovered through the course of the bankruptcy cases.
However, evidence of the claims filed by creditors in the bankruptcy cases has no relevance
whatsoever based on the Court's finding that the Debtors were operated as a Ponzi scheme and
the resulting presumption of insolvency.  Likewise, testimony regarding the origin of the Trust or
the beneficiaries of the Trust is irrelevant to the issues relating to Defendants' section 548(c)
defense and will only confuse the issues and the jury by, in effect, eliciting sympathy for
potential victims of the alleged Ponzi scheme.

**H.      Any Argument or Evidence Regarding the Debtors' SEC Receivership is Irrelevant
          and Highly Prejudicial**

   18. The Trustee's Response fails to explain why evidence relating to the SEC
receiverships commenced long after the Defendants' last transaction with Debtors is relevant to
Defendants' defense under section 548(c), especially in view of the Court's finding that the
Debtors were operated as a Ponzi scheme.  Any evidence of the SEC receiverships is calculated
to suggest that the Trustee is acting with the imprimatur of the SEC or that Defendants' conduct
somehow violated the securities laws or SEC rules.  The Trustee also confuses evidence of
transactions or matters discovered through the SEC receivership, the admissibility of which has

no relation to the SEC receivership.

**I.      Any Argument or Evidence that Mr. Holland Dealt with Blimline in 2010 is Irrelevant and Highly Prejudicial**

19.      In his Response, the Trustee suggests that the decision on the admissibility of this evidence is best reserved for trial when the evidence is offered.  The Defendants believe that this evidence is irrelevant and should be excluded entirely.  If the issue is reserved for trial, however, it becomes equally important that the Court prevent the Trustee from arguing to the jury, before the Court even has a chance to rule on the evidence, that Mr. Holland continued to do business with Blimline after Blimline was convicted of securities fraud.  Otherwise, the jury is likely to be confused and Defendants improperly prejudiced even if this evidence is excluded.

**J.      Any Testimony by Dennis Roossien Should be Limited to the Authentication of Documents as Debtors' Custodian of Records**

20.      In his Response, the Trustee states that, based on the Court's Ponzi scheme ruling, Roossien will not testify as an expert but may testify as a fact witness.  However, based on the Ponzi ruling and presumption of insolvency, it is difficult to envision what facts Roossien might testify to as a fact witness.  Based on the Court's previous ruling, the issues of the Debtors' operation as a Ponzi scheme and their insolvency are established as a matter of law.  Consequently, any testimony by Roossien on these issues is irrelevant and cumulative of the Court's ruling.  Roossien has no personal knowledge regarding the Defendants' transactions with the Debtors or their section 548(c) defense.

Dated:  October 29, 2014                    Respectfully Submitted,

                                                            /s/ Jeff P. Prostok
                                                            Jeff P. Prostok
                                                            State Bar No. 16352500
                                                            J. Robert Forshey
                                                            State Bar No. 07264200
                                                            FORSHEY & PROSTOK, LLP
                                                            777 Main Street, Suite 1290

Fort Worth, TX 76102
Telephone:     (817) 877-8855
Facsimile:     (817) 877-4151

-and-

John H. Carney
State Bar No. 03832200
Andrew G. Counts
State Bar No. 24036408
JOHN H. CARNEY & ASSOCIATES
One Meadow Building
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
(214) 368-8300 – Telephone
(214) 363-9979 – Facsimile

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served via ECF Electronic Notice, via first class mail, and via email on the parties listed below on this the 29th day of October, 2014.

J. Kenneth Johnson, II
Fleming, Nolen & Jez LLP
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
ken_johnson@fleming-law.com

Jerry C. Alexander
Passman & Jones PC
1201 Elm Street, Suite 2500
Dallas, TX 75270
alexanderj@passmanjones.com

Andrew B. Sommerman
Sommerman & Quesada
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
asommerman@textrial.com

Michael R. Rochelle
Rochelle Hutcheson & McCullough
325 N. St. Paul St., Suite 4500
Dallas, TX 75201
buzz.rochelle@romclawyers.com

/s/ Jeff P. Prostok
Jeff P. Prostok

L:\JPROSTOK\Carney & Assoc. (Segner v Ruthven et al) #5698\11-03385-hdh ADV (Segner v. Ruthven)\Pleadings\Reply to Trustee's Resp to Defs Motion to Exclude 10.29.14.doc